**In re the Matter of Grievance ARBITRATION BETWEEN LAW ENFORCEMENT LABOR SERVICES, INC. AND the CITY OF CROSBY, Minnesota.**

### No. CX–92–1405.

Court of Appeals of Minnesota.

March 9, 1993.

Review Denied April 29, 1993.

Sarah Lewerenz, Duluth, for appellant, Law Enforcement Labor Services, Inc.

F. Clark Witter, Crosby City Atty., Crosby, for respondent, City of Crosby.

Carla J. Heyl, League of Minnesota Cities, Shoreview, for amicus curiae.

Considered and decided by LANSING, P.J., HARTEN and FOLEY,* JJ.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn.

## OPINION

HARTEN, Judge.

Appellant Law Enforcement Labor Services, Inc., the union representative of police officer Pamela L. Ulrich, challenges a district court order staying arbitration proceedings on a grievance of the termination of Ulrich's probationary employment by respondent the City of Crosby. We affirm.

## FACTS

The union entered into a collective bargaining agreement with the city, a public employer as defined in Minn.Stat. § 179A.03, subd. 15(c) (1990). In 1991, the city hired Ulrich as a police officer. Under the collective bargaining agreement, newly hired police officers have a probationary period of one year. The agreement also provides that, during the probationary period, the employee may be discharged "at the sole discretion" of the city.

The city discharged Ulrich during her probationary period. The union filed a grievance of Ulrich's discharge. The union contends the city's discharge of Ulrich was discriminatory. The union argues that, while Ulrich may not be able to grieve whether she was discharged for just cause, she is entitled to a grievance under an article of the agreement that provides that employees shall have all the rights granted by the United States and Minnesota Constitutions. The union also relies on another article of the agreement that provides that the agreement is subject to the laws of the United States and Minnesota. The city contends that Ulrich's discharge is not arbitrable under the arbitration clause of the agreement.

The city denied the union's request for arbitration. The union brought an action in district court to compel arbitration and the city moved to stay arbitration. The district court granted the city's motion. The union appeals.

## ISSUE

Did the district court err in staying arbitration proceedings on the union grievance

Const. art. VI, § 10.

alleging discriminatory discharge of Ulrich by the city?

## ANALYSIS

The issue of arbitrability is to be determined by ascertaining the intention of the parties through examination of the language of the arbitration agreement. *State v. Berthiaume,* 259 N.W.2d 904, 909 (Minn.1977). A reviewing court is not bound by the [district court's] interpretation of the arbitration agreement and independently determines whether the [district court] correctly interpreted the clause.

*Michael–Curry Cos. v. Knutson Shareholders Liquidating Trust,* 449 N.W.2d 139, 141 (Minn.1989), *quoted in Duluth Police Local v. City of Duluth,* 466 N.W.2d 36, 38 (Minn.App.1991), *pet. for rev. denied* (Minn. Mar. 27, 1991).

Minn.Stat. § 572.09 (1990) governs arbitrations. *Atcas v. Credit Clearing Corp. of America,* 292 Minn. 334, 341, 197 N.W.2d 448, 452 (1972) interprets section 572.09 as follows:

(1) If the parties evinced a clear intent to arbitrate a controversy arising out of specific provisions of the contract, the matter is for the arbitrators to determine and not the court. (2) If the intention of the parties is reasonably debatable as to the scope of the arbitration clause, the issue of arbitrability is to be initially determined by the arbitrators subject to the rights of either party reserved under [Minn.Stat. § 572.19, subd. 1(3, 5) (1990) for vacation of awards]. (3) If no agreement to arbitrate exists, either in fact or because the controversy sought to be arbitrated is not within the scope of the arbitration clause of the contract, the court may interfere and protect a party from being compelled to arbitrate.

The union argues that an arbitrator should determine if a claim of discriminatory discharge of a probationary employee is arbitrable under the collective bargaining agreement. *See Duluth Police Local,* 466

N.W.2d at 38–39 (well-established in Minnesota that if the scope of arbitration is reasonably debatable, it is for the arbitrator to determine). We disagree.

Article VIII of the collective bargaining agreement provides that an employee who claims her "rights and privileges under [the agreement] have been violated" can grieve the violation and have the issue submitted to arbitration if a settlement cannot be negotiated. The union does not contest that there is language in the collective bargaining agreement showing an intention not to give a probationary employee the right to arbitrate discharge from employment. Article V, section 3, states that: "During the probationary period a newly hired or rehired employee may be discharged at the sole discretion of the [city]."

The union asserts, however, that two "savings" clauses in the collective bargaining agreement require arbitration of a grievance alleging discriminatory discharge of a probationary employee. The first, Article XIX, provides that: "Employees shall have the rights granted to all citizens by the United States and Minnesota State Constitutions." The second, Article VII, provides that the collective bargaining agreement "is subject to the laws of the United States, the State of Minnesota, the County of Crow Wing and the City of Crosby."

■ The city concedes that Ulrich is not barred from pursuing civil and statutory remedies for wrongful discharge.[1] The city contends, however, that Ulrich cannot show any legal requirement to provide a probationary employee with a right under a collective bargaining agreement to arbitration of her discharge. The city also points out that the law governing public employees, the Public Employment Labor Relations Act (PELRA), guarantees arbitration of disciplinary actions only for those employees who have completed their probationary periods of employment. *See* Minn. Stat. § 179A.20, subd. 4(b) (Supp.1991).

---

1. Ulrich has already initiated an action for discrimination under the Minnesota Human Rights Act, Minn.Stat. ch. 363 (1990).

 

We find that the union has misplaced reliance on *Minnesota Educ. Ass'n v. Independent Sch. Dist. No. 495*, 290 N.W.2d 627 (Minn.1980). The contract at issue there provided that it would not "be construed to deny or restrict any [teacher's] rights under the Minnesota School Laws or other applicable laws and regulations." *Id.* at 630. The supreme court found that the right asserted was recognized both in the board of education rules and in the contract itself. In contrast, the union here is unable to show any legal requirement for arbitration of a probationary employee's discharge from employment.

We have been provided no factual information regarding Ulrich's termination, which is in keeping with the rule that it is not for this court to examine the merits. *See Local #1119, AFSCME v. Mesabi Regional Medical Ctr.*, 463 N.W.2d 290, 296–97 (Minn.App.1990). The parties expressly agreed that a probationary employee may be discharged at the sole discretion of the city. Sole discretion gives the city freedom to act. The union's bare allegation of discriminatory discharge of a probationary employee does not, without more, translate into an effective allegation of an unfair labor practice requiring arbitration given the applicable terms of the parties' agreement and PELRA. Therefore, we also find the union has misplaced reliance on *Marshall County Cent. Educ. Ass'n. v. Independent Sch. Dist. No. 441*, 363 N.W.2d 126, 129–30 (Minn.App.1985) (school board's nonrenewal of probationary teacher's contract not controlled by statutory provision that renewal is at discretion of school board because claimed reason for discharge was pretext for retaliation for teacher's exercise of right to assert grievance under PELRA).

While the "savings" clauses in the collective bargaining agreement may preserve Ulrich's constitutional and legal rights, there being no legal right to arbitrate the discharge of a probationary employee, we hold that arbitration is not required by the "savings" clauses.

### DECISION

Because Ulrich is not entitled to arbitration of her discharge under the collective bargaining agreement, we affirm the district court.

Affirmed.